UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE KUPERMAN,

                          Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; RONALD JAMES,

                         Defendants.

20-CV-6834 (LTS)

ORDER OF SERVICE

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, N.Y. Exec. Law §§ 290 to 297, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that his employer discriminated against him based on his race and religion. By order dated August 25, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     New York City Department of Education**

Plaintiff's claims against the New York City Department of Education must be dismissed. Agencies of the City of New York generally cannot be sued in their own names and must instead be sued in the name of the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the New York City Department of Education with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

## ORDER OF SERVICE

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York and Ronald James through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.[1]

---

[1] In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may

The Court dismisses Plaintiff's claims against the New York City Department of Education and directs the Clerk of Court to substitute the City of New York. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and Ronald James and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   August 27, 2020
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge

---

submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, N.Y. 10007

2. Ronald James
   Public School 202
   982 Hegemon Avenue
   Brooklyn, N.Y. 11208